IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| AYISHA RANDLE, on behalf of herself and all others similarly situated, <br><br> Plaintiff, <br> v. <br><br> ALLCONNECT, INC. <br><br> Defendant. <br> _____ | ) <br> ) Civil Action <br> ) No. <br> ) <br> ) <br> ) <br> ) JURY TRIAL DEMANDED <br> ) <br> ) COLLECTIVE CERTIFICATION <br> ) SOUGHT <br> ) <br> ) |

## **COMPLAINT FOR DAMAGES**

COMES NOW Plaintiff Ayisha Randle ("Plaintiff" or "Randle"), on behalf of herself and all others similarly situated, and files this lawsuit against Defendant Allconnect, Inc, ("Defendant" or "Allconnect"), and shows the following:

### I.    Nature of Complaint

1.

Plaintiff brings this action to obtain full and complete relief and to redress the unlawful employment practices described herein. Plaintiff brings this action as the representative party for all similarly situated employees of Defendant Allconnect.

2.

This action seeks declaratory relief, along with liquidated and actual damages, attorney's fees and costs for Defendant's failure to pay federally mandated overtime wages to Plaintiff and similarly situated individuals in violation of the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. §201 *et seq*. (hereinafter the "FLSA").

## II.     Jurisdiction and Venue

3.

The jurisdiction of this Court is invoked pursuant to 29 U.S.C. § 216(b) and 28 U.S.C. § 1331.

4.

Defendant Allconnect, Inc is a Delaware corporation and resides in this district. Defendant's principal office is in this district and Defendant does business in and is engaged in commerce in the State of Georgia. Venue is proper in this district pursuant to 29 U.S.C. § 1391(b) because Defendant resides in this district and a substantial part of the events and omissions that give rise to Plaintiff's claims occurred in this district.

### III.  Parties and Facts

5.

Plaintiff is a resident of the State of Georgia.

6.

From March 2012 to November 2013, Plaintiff was employed by Allconnect as a "Home Service Consultant" (hereinafter referred to as "sales representative").

7.

Allconnect provides third-party sales and customer account set-up services for customers of other companies such as cable and phone providers.  In particular, customers of companies such as Dish Network, DirectTV, and AT&T outsource calls from their prospective new customers to AllConnect whereat such calls are received and handled by AllConnect sales representatives.

8.

Plaintiff was an "employee" of Defendant, as that term has been defined by the FLSA, 29 U.S.C.S. § 201 et seq., 29 U.S.C. § 203(e).

9.

At times during the last three years, Plaintiff was employed by Defendant as a sales representative entitled to overtime for hours she worked in excess of 40 in workweeks.

10.

At times during the last three years, Plaintiff worked an amount of time that was more than forty (40) hours in given workweeks and was not paid the overtime wage differential for some hours she worked over (40) in such weeks.

11.

Defendant Allconnect is a private employer engaged in interstate commerce, and its gross revenues exceed $500,000 per year.

12.

At times during the last three years, Defendant suffered or permitted Plaintiff to work in excess of 40 hours in given workweeks without receiving overtime compensation.

13.

At times during the last three years, Defendant maintained a policy of requiring Plaintiff to work off the clock.

14.

At times during the last three years, while Plaintiff was employed by Defendant as a sales representative, Plaintiff's supervisor, Krystal Johnson, directed Plaintiff to perform overtime work hours off the clock.

15.

Throughout her employment with Defendant as a sales representative, Plaintiff regularly worked in excess of (40) hours in given workweeks and was not paid the overtime wage differential for some of her overtime hours.

16.

Defendant Allconnect is an "employer" within the definition of the FLSA, 29 U.S.C. §203(d).

17.

Defendant is governed by and subject to the FLSA, 29 U.S.C. §204 and §207.

18.

Throughout her employment with Defendant as a sales representative, Plaintiff was paid an hourly rate, plus commissions.

19.

Throughout her employment with Defendant, Plaintiff spent most of her work hours receiving inbound calls from prospective new customers of third parties such as DishNetwork and DirectTV and selling new services to such customers.

20.

Throughout her employment with Defendant, Allconnect did not include Plaintiff's commissions in computing her regular or overtime rate for purposes of providing Plaintiff with overtime compensation for hours she worked in excess of 40 in workweeks.

21.

For the pay period of Plaintiff's employment ending June 23, 2012, Plaintiff was paid overtime compensation on her hourly rate for 1.5 hours of overtime, but she was not paid properly calculated overtime compensation based on the commissions she earned in this period.

22.

For the pay period of Plaintiff's employment ending July 20, 2014, Plaintiff was paid overtime compensation on her hourly rate for 2.5 hours of overtime, but she was not paid properly calculated overtime compensation on the commissions she earned during this period.

### IV. Collective Action Allegations

23.

Plaintiff brings Count I of this Complaint on behalf of herself and all other similarly situated individuals pursuant to 29 U.S.C. § 216(b). Plaintiff and the

20.

Throughout her employment with Defendant, Allconnect did not include Plaintiff's commissions in computing her regular or overtime rate for purposes of providing Plaintiff with overtime compensation for hours she worked in excess of 40 in workweeks.

21.

For the pay period of Plaintiff's employment ending June 23, 2012, Plaintiff was paid overtime compensation on her hourly rate for 1.5 hours of overtime, but she was not paid properly calculated overtime compensation based on the commissions she earned in this period.

22.

For the pay period of Plaintiff's employment ending July 20, 2014, Plaintiff was paid overtime compensation on her hourly rate for 2.5 hours of overtime, but she was not paid properly calculated overtime compensation on the commissions she earned during this period.

### IV. Collective Action Allegations

23.

Plaintiff brings Count I of this Complaint on behalf of herself and all other similarly situated individuals pursuant to 29 U.S.C. § 216(b). Plaintiff and the

similarly situated individuals are individuals who currently or formerly have been employed by Defendant as "Home Service Consultants" (sales representatives) at Defendant's office located at 1600 Riveredge Parkway, Atlanta, Georgia 30328, at any time during the last three (3) years, and whose job duties include inside sales, e.g. receiving inbound calls from prospective new customers of third parties such as DishNetwork and DirectTV and selling new services to such customers.

24.

At times during the last three years, Plaintiff and members of the Collective Class routinely worked in excess of (40) hours in workweeks without receiving overtime compensation for hours they worked over 40 while performing the duties of sales representatives.

25.

At times during the last three years, Defendant had actual or constructive knowledge that Plaintiff and members of the Collective Class were working in excess of 40 hours in given workweeks without receiving overtime compensation.

26.

At times during the last three years, Defendant maintained a policy of requiring Plaintiff and members of the Collective Class to work off the clock in excess of 40 hours in given workweeks without receiving overtime compensation.

27.

At times during the last three years, Defendant failed to keep accurate time records for all hours worked by Plaintiff and members of the Collective Class.

28.

At times during the last three years, Plaintiff and members of the Collective Class performed the same job duties, i.e. receiving inbound calls from prospective new customers of third parties such as DishNetwork and DirectTV and selling new services to such customers.

29.

At times during the last three years, Defendant paid Plaintiff and the Collective Class on an hourly basis, plus commissions and treated the employees as non-exempt from the overtime requirements of the FLSA.

30.

At times during the last three years, Defendant failed to pay Plaintiff and members of the Collective Class overtime compensation for hours worked in excess of 40 in given workweeks.

31.

At times during the last three years, while being paid on an hourly, plus commission basis, Plaintiff and members of the Collective Class regularly worked

in excess of 40 hours in given workweeks, without receiving overtime compensation for hours they worked in excess of 40 hours in such weeks.

32.

Plaintiff and the Collective Class are entitled to overtime pay for the hours they worked over (40) in given workweeks.

33.

Defendant's failure to pay overtime compensation to Plaintiff and members of the Collective Class violates the provisions of the FLSA, 29 U.S.C. § 201, et seq. including but not limited to 29 U.S.C. § 207. As a result of Defendant's unlawful practices, Plaintiff and members of the Collective Class have suffered lost wages.

## Count I

### Violation of the Overtime Wage Requirement of the Fair Labor Standards Act (Plaintiff and the Collective Class)

34.

Plaintiff repeats and re-alleges each and every allegation contained in the preceding paragraphs of this Complaint with the same force and effect as if set forth herein.

35.

Defendant has violated the FLSA, 29 U.S.C. § 201, et seq. including but not limited to 29 U.S.C. § 207, by failing to pay overtime wages for hours Plaintiff and members of the Collective Class worked in excess of (40) hours in given workweeks.

36.

The FLSA, 29 U.S.C. § 207, requires employers to pay employees one and one-half times the regular rate of pay for all hours worked in excess of (40) hours in a workweek.

37.

Defendant suffered and permitted Plaintiff and members of the Collective Class to routinely work more than (40) hours per week without overtime compensation.

38.

Defendant's actions, policies and/or practices as described above violate the FLSA's overtime requirement by regularly and repeatedly failing to compensate Plaintiff and members of the Collective Class at the required overtime rate.

39.

Defendant knew, or showed reckless disregard for the fact that Defendant failed to pay Plaintiff and members of the Collective Class overtime compensation in violation of the FLSA.

40.

Defendant failed to accurately report, record and/or preserve records of hours worked by Plaintiff and members of the Collective Class, and thus has failed to make, keep and preserve records with respect to each of their employees sufficient to determine their wages, hours and other conditions and practices of employment, in violation of the FLSA.

41.

Plaintiff and members of the Collective Class were subject to the same unlawful policy of Defendant, i.e. Defendant requiring Plaintiff and members of the Collective Class to work off the clock in excess of 40 hours in given workweeks without being paid overtime compensation.

42.

Defendant's violations of the FLSA were willful and in bad faith.

43.

Pursuant to the FLSA, 29 U.S.C. § 216, Plaintiff and members of the

Collective Class are entitled to recover the unpaid overtime wage differential, liquidated damages in an equal amount to unpaid overtime, attorneys' fees, and the costs of this litigation incurred in connection with these claims.

## Prayer for Relief

**WHEREFORE**, Plaintiff respectfully requests that this Court:

(A)  Grant Plaintiff a trial by jury as to all triable issues of fact;

(B)  Enter judgment against Defendant and awarding Plaintiff and members of the Collective Class that opt-in to this suit unpaid wages pursuant to the FLSA, 29 U.S.C. §§ 206(d), 207, and 216, liquidated damages as provided by 29 U.S.C. § 216, pre-judgment interest on unpaid wages, court costs, expert witness fees, and reasonable attorneys' fees pursuant to 29 U.S.C. § 216, and all other remedies allowed under the FLSA; and,

(C)  Grant declaratory judgment declaring that Plaintiff's and members of the Collective Class' rights have been violated and that Defendant willfully violated the FLSA with respect to its violations against Plaintiff and members of the Collective Class;

(D)  Grant conditional certification and provide notice of this action to all similarly situated individuals;

(E)   Grant Plaintiff leave to add additional state law claims if necessary; and

(F)   Award Plaintiff such further and additional relief as may be just and appropriate.

This 27th day of January, 2014.

**BARRETT & FARAHANY, LLP**

/s/ V. Severin Roberts
Amanda A. Farahany
Georgia Bar No. 646135
Benjamin F. Barrett
Georgia Bar No. 039586
V. Severin Roberts
Georgia Bar No. 940504
Attorneys for Plaintiff Ayisha Randle

1100 Peachtree Street
Suite 500
Atlanta, GA 30309
(404) 214-0120
(404) 214-0125 facsimile