**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF GEORGIA**
**ATLANTA DIVISION**

| | |
|---|---|
| **AYISHA RANDLE, on behalf of herself and all those similarly situated,**<br>**Plaintiff,**<br>**v.**<br>**ALLCONNECT, INC.,**<br>**Defendant.** | **1:14-cv-245-WSD** |

**OPINION AND ORDER**

This matter is before the Court on Ayisha Randle's ("Plaintiff" or "Randle") Motion for Conditional Collective Action Certification and Issuance of Notice to Putative Class Members [4]. Allconnect, Inc. ("Defendant" or "Allconnect") does not oppose conditional certification.

## I. BACKGROUND

This is a putative collective action brought by Randle against her former employer for (i) failing to pay overtime compensation for all hours worked in excess of forty (40) hours per week, and (ii) failing to pay overtime compensation at the required overtime rate, all in violation of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 et seq.

Allconnect provides third-party sales support for cable and telephone service providers. Randle was employed by Allconnect at its Atlanta, Georgia, call center from March 2012 through November 2013. (Randle Decl. [4.2] ¶¶ 2-3). Randle worked as a "Home Service Consultant" and her duties included receiving telephone calls from prospective customers, selling them new services, and setting up their accounts. (Id. ¶¶ 2, 5). She was paid an hourly rate plus commission based on her sales. (Id. ¶¶ 13-14). Randle was supervised by a team lead, Crystal Johnson ("Johnson"), who reported to Floor Manager Victor Moore ("Moore"). (Id. ¶ 4).

Randle claims that Allconnect had a policy of not paying Home Service Consultants for all the hours they worked in a week by requiring them to work off-the-clock to complete their sales calls. (Id. ¶ 8). Randle states that, at the end of her scheduled shift or lunch break, her supervisor regularly directed her to log off Allconnect's telephone system, which also served as its timekeeping system. After logging off, Randle's supervisor or other team leads then transferred customer calls from their lines to Randle so that she could continue working off-the-clock. (Id. ¶¶ 10-11). Randle asserts that she typically worked 3-5 hours per week off-the-clock, and that on at least one occasion Moore saw Johnson transfer calls to Randle when Randle was off-the-clock. (Id. ¶¶ 11-12).

On January 28, 2014, Randle filed this collective action. The Complaint [1] asserts a single claim against Defendant for willful failure to pay overtime, in violation of the FLSA. Randle seeks to represent current and former Home Service Consultants employed by Allconnect at its Atlanta call center at any time during the last three years, and who were not paid for the overtime work they performed off-the-clock. (Compl. ¶ 23).

On January 31, 2014, Monte Mitchell, Ashlie Brown and Keyon Forte (collectively, "Opt-in Plaintiffs") opted into this action [3.1-3.3].

Also on January 31, 2014, Randle moved to conditionally certify the class and to require Allconnect to produce the names and contact information of potential class members. Allconnect has represented to the Court that it does not oppose conditional certification. (Def's Resp. [12] at 1-2).

## II. DISCUSSION

### A. Legal Standard for Conditional Certification of a Collective Action

The FLSA requires covered employers to pay non-exempt employees who work more than forty hours in a week an overtime rate of one and one-half times the employee's regular pay rate for all hours worked that exceed forty. 28 U.S.C. § 207(a). Section 216(b) imposes liability on employers for violations of Section 207 and authorizes employees to bring lawsuits to recover overtime pay.

Employees may sue individually or they may bring a collective action on behalf of themselves and other "similarly situated" employees:

> An action . . . may be maintained against any employer (including a public agency) in any Federal or State court of competent jurisdiction by any one or more employees for and in behalf of himself or themselves and other employees similarly situated. No employee shall be a party plaintiff to any such action unless he gives his consent in writing to become such a party and such consent is filed in the court in which such action is brought.

Id. § 216(b). In contrast to a class action under Federal Rule of Civil Procedure 23, which generally requires potential plaintiffs to opt-out if they do not wish to be represented in the lawsuit, a collective action under Section 216(b) requires potential plaintiffs to affirmatively opt into the lawsuit. Hipp v. Liberty Nat'l Life Ins. Co., 252 F.3d 1208, 1216 (11th Cir. 2001). "The decision to create an opt-in class under § 216(b) . . . remains soundly within the discretion of the district court." Id. at 1219.[1]

The Eleventh Circuit encourages district courts to perform a two-step process to conditionally certify a collective action under Section 216(b). Id. In the initial, so-called "notice stage," the question is whether notice of the action should be given to potential class members. Id. at 1218 (quoting Mooney v. Aramco

---

[1] Hipp involved a collective action under the Age Discrimination and Employment Act of 1967. That statute incorporates the FLSA's collective action provision, and Hipp therefore applies in both contexts. Morgan v. Family Dollar Stores, Inc., 551 F.3d 1233, 1259 n.37 (11th Cir. 2008).

Servs. Co., 54 F.3d 1207, 1213 (5th Cir. 1995)). Relying on the pleadings and affidavits submitted by the parties, the court applies a "fairly lenient standard" that "typically results in 'conditional certification' of a representative class." Id. (quoting Mooney, 54 F.3d at 1213-14). At this stage, the plaintiffs must show that there are other employees who desire to opt-in to the litigation, and who are similarly situated to the plaintiffs. Dyback v. State of Fla. Dep't of Corr., 942 F.2d 1562, 1567-68 (11th Cir. 1991). If the plaintiffs satisfy this burden, the Court conditionally certifies a class, potential class members receive notice and an opportunity to opt into the class, and the parties complete discovery. Hipp, 252 F.3d at 1218 (quoting Mooney, 54 F.3d at 1213-14).

The second stage is optional and usually occurs if the defendant moves for "decertification" after the completion of all or most discovery in the case. Hipp, 252 F.3d at 1218 (quoting Mooney, 54 F.3d at 1213-14). Based on the more extensive factual record, the court makes a factual determination whether claimants are similarly situated. Id. (quoting Mooney, 54 F.3d at 1213-14). If they are, the collective action proceeds on the merits. If not, the court decertifies the class, the opt-in plaintiffs are dismissed without prejudice, and the original plaintiffs proceed on their individual claims. Id. (quoting Mooney, 54 F.3d at 1213-14).[2]

---

[2] There is nothing in this case that indicates the Court should not follow the two-stage approach encouraged by the Eleventh Circuit. In some cases where

B. Analysis

The Court here considers whether conditional certification is appropriate. In doing so, the Court must determine if there are other employees who desire to opt-in, and who are "similarly situated" to Plaintiff. See Dyback, 942 F.2d at 1567-68. Six Home Service Consultants already have requested to opt-in, supporting that similarly-situated Allconnect employees seek to be members of a collective action.[3] The desire to opt-in criteria is met.

Plaintiff next bears the burden of demonstrating a reasonable basis to conclude that she is similarly situated to the employees she seeks to represent. Beecher v. Steak N Shake Operations, Inc., 904 F. Supp. 2d 1289, 1297 (N.D. Ga. 2012); cf. Grayson v. K Mart Corp., 79 F.3d 1086, 1097 (11th Cir. 1996). Plaintiff may meet this burden "by making substantial allegations of class-wide discrimination, that is, detailed allegations supported by affidavits which successfully engage defendants' affidavits to the contrary." Id. (quoting Grayson,

---

there is factual information available to evaluate the similarity of potential class member claims, courts will combine the first and second stages and apply the more stringent second stage standard. See, e.g., Williams v. Accredited Home Lenders, Inc., No. 1:05-cv-1681-TWT, 2006 WL 2085312, at *4 (N.D. Ga. July 25, 2006) (combining first and second stage where plaintiffs disseminated informal notice to potential opt-in plaintiffs and substantial discovery had been completed). The facts are not yet sufficiently developed in this matter to justify this higher standard.

[3] After Randle moved for conditional certification, three (3) additional claimants, Rebekah Devlugt, Laketra Cobb, and Ulanda Ryals, requested to opt-in [10; 11; 31].

79 F.3d at 1097). Plaintiff is, at this stage, required only to show that she and the potential class-members are similarly, not identically, situated. Grayson, 79 F.3d at 1096. She is not required to show they were subjected to a common or unified policy, plan or scheme, see id. at 1095, although this is a common and effective way to satisfy the "similarly situated" requirement. Plaintiff "must [at least] make some rudimentary showing of commonality between the basis for [her] claims and that of the potential claims of the proposed class, beyond the mere facts of job duties and pay provisions." Beecher, 904 F. Supp. 2d at 1298 (quoting Williams v. Accredited Home Lenders, Inc., No. 1:05-cv-1681-TWT, 2006 WL 2085312, at *3 (N.D. Ga. July 25, 2006)); see also Barron v. Henry Cnty. Sch. Sys., 242 F. Supp. 2d 1096, 1103 (M.D. Ala. 2003) ("[W]hile a unified policy, plan, or scheme of discrimination may not be required to satisfy the more liberal similarly situated requirement, some identifiable facts or legal nexus must bind the claims so that hearing the cases together promotes judicial efficiency.").

Plaintiff seeks to represent current and former Home Service Consultants employed by Allconnect at its Atlanta call center from January 28, 2011, to the present. (Compl. ¶ 23). Plaintiff relies on her declaration and the declarations of three Opt-in Plaintiffs to support that Plaintiff is similarly situated to members of the proposed class. These Opt-in Plaintiffs worked for Allconnect as hourly

employees in Home Service Consultant positions at Allconnect's Atlanta call center at various times since January 28, 2011.[4] (Randle Decl. ¶¶ 2, 3, 13; Mitchell Decl. [4.3] ¶¶ 2, 3, 13; Brown Decl. [4.4] ¶¶ 2, 3, 13; Forte Decl. [4.5] ¶¶ 2, 3, 13). Their duties included receiving inbound calls from prospective new customers of third-parties, selling services to those customers and setting up their new accounts. (Randle Decl. ¶¶ 5, 11; Mitchell Decl. ¶¶ 5, 11; Brown Decl. ¶¶ 5, 11; Forte Decl. ¶¶ 5, 11).

The Opt-in Plaintiffs claim that their supervisors directed them to clock out at the end of their scheduled shift or for their lunch break, but required them to continue working off-the-clock to complete their sales calls. (Randle Decl. ¶¶ 8-11; Mitchell Decl. ¶¶ 8-11; Brown Decl. ¶¶ 8-11; Forte Decl. ¶¶ 8-11). The Opt-in Plaintiffs assert that they were required to complete, off-the-clock, sales calls that had been transferred to them by their immediate supervisor and other team leads at Allconnect, including a team lead who was later promoted to co-floor manager. (Randle Decl. ¶ 12; Mitchell Decl. ¶ 12; Brown Decl. ¶ 12; Forte Decl. ¶ 12). Their declarations are sufficient to support, for collective action conditional certification purposes, that Home Service Consultants were subject to a common practice of not being paid for all hours worked in excess of forty hours per week

---

[4] At least one Opt-in Plaintiff, Monte Mitchell, was employed by Allconnect before January 28, 2011. (Mitchell Decl. [4.3] ¶ 2).

based on work they were required to perform off-the-clock. The evidence submitted at this stage is sufficient to support, for opt-in class conditional certification purposes, that Randle, the Opt-in Plaintiffs and other Home Service Consultants regularly worked in excess of forty hours per week without overtime compensation for all hours worked, and that their supervisors knew they did and directed them to continue working off-the-clock to complete their sales calls. Plaintiff has submitted evidence sufficient to show at the notice stage that Plaintiff is similarly situated to members of the proposed class. The Court conditionally certifies the class of current and former non-exempt Home Service Consultants employed by Allconnect at its Atlanta call center from January 28, 2011, to the present.[5]

[5] In its Response, Defendant requests, without explanation or citation, that the Notice be addressed to Home Service Consultants employed by Allconnect "at any time from March 10, 2012 to the present . . . ." (Resp. [12] at 6). To the extent Defendant seeks to limit the temporal scope of the class, the Complaint alleges that Defendant's conduct was willful and the declarations of Home Service Consultants who were employed by Allconnect at various times since January 28, 2011 are sufficient to support, at this early stage, Plaintiff's allegation that for the last three years Defendant has had a policy or practice of willfully failing to pay Home Service Consultants for all hours worked. See 29 U.S.C. § 255(a) (statute of limitations for FLSA claims is generally two years, but is extended to three years for claims "arising out of a willful violation"); Compl. ¶ 42; Randle Decl. ¶ 2; Mitchell Decl. ¶ 2; Brown Decl. ¶ 2; Forte Decl. ¶ 2.

C. Notice

The purpose of conditionally certifying an FLSA collective action is to facilitate notice to potential opt-in plaintiffs. See Hoffman-La Roche Inc. v. Sperling, 493 U.S. 165, 169-70 (1989). District courts have discretion to authorize and oversee the notice process, including authorizing discovery about potential plaintiffs and monitoring the preparation and distribution of the notice to ensure that it is timely, accurate, and informative. See id. at 171-72; Maddow v. Proctor & Gamble Co., 107 F.3d 846, 854 (11th Cir. 1997).

Plaintiff moves to require Defendant to produce information about potential class members, including their full names, last-known addresses, email addresses, dates of employment and dates of birth. This information is within Defendant's possession, its production to Plaintiff will facilitate issuance of the notice, and it is required to be produced by Defendant.[6]

Plaintiff submitted, with her Motion, a proposed "Notice of Court Certification" ("Notice") and "Consent to Join Collective Action" ("Consent to Join") form. (Pl's Mot. Exs. E [4.6], F [4.7]). Defendant objects to Plaintiff's proposals and submitted its own proposed Notice and Consent to Join form. (Def's Resp. Exs. A [12.1], B [12.2]). Having carefully reviewed the parties'

6 The production of the employees' social security numbers is not required at this time.

submissions, the Court approves the Notice of Court Certification and Consent to Join Collective Action form that are attached to this Order as Exhibits 1 and 2, respectively.

## III. CONCLUSION

For the foregoing reasons,

**IT IS HEREBY ORDERED** that Plaintiff's Motion for Conditional Collective Action Certification and Issuance of Notice to Putative Class Members [4] is **GRANTED IN PART.** The Court conditionally certifies the class of current and former non-exempt Home Service Consultants employed by Allconnect at its Atlanta call center from January 28, 2011, to the present. Notice of Court Certification shall be given to potential class members in the form attached as Exhibit 1 to this Order.

**IT IS FURTHER ORDERED** that the Consent to Join Collective Action form attached as Exhibit 2 to this Order shall be used to opt into this action.

**IT IS FURTHER ORDERED** that Defendant shall, on or before May 20, 2014, provide to Plaintiff a list of potential class members, their full names, last-known addresses, email addresses, dates of employment and dates of birth.

**SO ORDERED** this 6th day of May, 2014.

WILLIAM S. DUFFEY, JR.
UNITED STATES DISTRICT JUDGE